IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00353-CV

 

MCI Sales and Service, Inc., 

                                                                                    Appellant

 v.

 

James Hinton, Individually and as

Representative of the Estate 

of Dolores Hinton, Deceased, et al.,

                                                                                    Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2003-2308-4

 



MEMORANDUM  Opinion



 

Appellant MCI Sales and
Service, Inc. has filed a bankruptcy proceeding.  Tex. R. App. P. 8.1.  Further action in this appeal is
automatically stayed.  See 11 U.S.C. § 362.

For administrative purposes, this appeal is
suspended and will be treated as closed unless reinstated on a proper motion.  Tex. R. App. P. 8.2.  It may be
reinstated on motion of any party showing that the stay has been lifted or
modified and specifying what action, if any, is required from this Court upon
reinstatement of the appeal.  Tex. R.
App. P. 8.3.

            The reporting requirement of Local
Rule 17 is suspended.  10th Tex. App. (Waco) Loc.  R. 17.

            The Clerk of this Court is directed to
transmit a copy of this opinion to the attorneys of record, the trial court
judge, and the trial court clerk.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissents with a note)*

Appeal
suspended; appeal administratively closed

Opinion
delivered and filed October 29, 2008

[CVPM]

 

 

 

*(In
the past we have given the parties some substantial amount of time before we
act on our own to administratively close or suspend a proceeding due to
bankruptcy.  For consistency, and the practical aspect of giving the parties
time to evaluate what to do in response to the bankruptcy, I would adhere to
our former procedure.  Thus I do not join this opinion at this time.)

 






y;text-indent:
-.5in'>4.                 
The Exhibit 22A from this
hearing is now the true, accurate and complete copy of Plaintiff’s Trial
Exhibit 22.

 

5.                 
Michael Zingalis, DDS, PA has incurred $36,360.00 in reasonable and necessary attorney fees as a proximate
result of this inaccuracy in the Reporter’s Record.

 

The trial court concluded its order by requiring
the court reporter to file a supplemental reporter’s record containing the
corrected exhibit.

          Although Onwuteaka paid a portion of
the reporter’s fee for preparation of the reporter’s record of the abatement
hearing, he has never paid the remainder of that fee despite requests from the
court reporter and from the Clerk of this Court.  No other party or attorney
has paid the remainder of the fee owed, so no reporter’s record of the
abatement hearing has been filed.

          Onwuteaka filed “Objections and
Exceptions” to the trial court’s order, complaining in particular that (1) the
trial court exceeded the scope of the abatement order by finding that Zingalis
had incurred attorney’s fees because of the “inaccuracy” and (2) there is no
evidentiary basis for the court’s finding that Onwuteaka was first to obtain
possession of the record.

          McDougald later filed a response to
Onwuteaka’s second motion for counter-sanctions alleging among other things
that: (1) McDougald’s firm was informed on June 9 by an attorney who had
previously represented Lee that Lee had terminated Onwuteaka’s services; (2)
McDougald’s firm did not communicate directly with Lee until it had written
confirmation that Lee had terminated Onwuteaka’s services, which it received on
June 14; and (3) Lee initiated communications with McDougald’s firm by coming
to the firm’s offices without an appointment or invitation on June 15 to
discuss his case.

 

McDougald’s Motion for Sanctions

          It could be inferred from the trial
court’s findings that Onwuteaka improperly tampered with Exhibit 22 when he
checked the record out from the Clerk of this Court to prepare the appellant’s
brief.  The court’s finding that Zingalis incurred attorney’s fees because of
the “inaccuracy” in the reporter’s record offers further credence to such an
inference.  However, because the court did not find that Onwuteaka acted improperly,
it could also be inferred that some excuse or extenuating circumstance exists
which justifies any role Onwuteaka played with regard to the “inaccuracy” in
Exhibit 22.

          Because we have not been provided with
a reporter’s record of the abatement hearing and because there is no express
finding of fault or misconduct on Onwuteaka’s part, McDougald’s motion for
sanctions is denied.

Onwuteaka’s Motions for Counter-Sanctions

          Onwuteaka contends that sanctions
should be imposed against McDougald because: (1) McDougald’s allegation that
Onwuteaka tampered with Exhibit 22 has no evidentiary basis; (2) McDougald
addressed a letter directly to the individual justices of this Court; (3)
McDougald improperly communicated with Lee while he was still represented by
Onwuteaka; (4) McDougald prepared Lee’s pro se motion to dismiss,
indicating therein that a copy was served on Onwuteaka, but intentionally
failed to serve a copy on Onwuteaka; and (5) McDougald has falsely stated in an
affidavit that he did not learn about the problem with Exhibit 22 until eleven
days after the appellant’s brief was filed and served on McDougald, even though
the brief states twice that a page was missing from the exhibit.

          As previously stated however, the
trial court’s findings support an inference that Onwuteaka improperly tampered
with Exhibit 22 when he checked the record out from the Clerk of this Court to
prepare the appellant’s brief.  Thus, we decline to grant sanctions on the
first or fifth grounds specified in the paragraph above.

          McDougald did, as Onwuteaka alleges,
mail (and fax) a letter addressed to the justices of this Court individually. 
In this letter, McDougald: (1) asked the justices not to dismiss the appeal
without first deciding his motion for sanctions; (2) set out two paragraphs
containing legal and factual grounds to support his request for sanctions; (3)
advised that the trial court had conducted the abatement hearing as ordered and
that the trial court was still in the process of finalizing the order which
would be entered; and (4) asked the justices to exercise patience pending the
trial court’s entry of its order so his motion for sanctions could be decided
before the appeal is dismissed.

          We agree with Onwuteaka that this
letter should have been addressed to the Clerk of this Court rather than to the
individual justices.  See Tex. R.
App. P. 9.6; 10th Tex. App. (Waco) Loc. R. 3.  However, because the letter could be construed as a supplemental
motion for sanctions, which could contain the precise information contained in
the letter and which the Clerk would, necessarily, refer to the justices for a
ruling, we decline to impose sanctions on McDougald for addressing the letter
to the justices of this Court rather than the Clerk.

          Finally, with regard to McDougald’s
alleged role in the preparation of Lee’s pro se motion to dismiss and
the service of that document on Onwuteaka, the documents received by this Court
would certainly support an inference that McDougald’s firm prepared the motion
for Lee.  However, because this motion was filed about two months after Lee
terminated Onwuteaka’s services, Onwuteaka has no standing to complain in
this appeal about any improprieties in this regard.[1] 
Onwuteaka admittedly became aware of the motion to dismiss two days after it was
filed in this Court.  That was several months ago.  Nevertheless, he has never
disputed that Lee terminated his services as counsel nor has he filed any
pleading in which he opposes the dismissal of the appeal.  Therefore, Onwuteaka
cannot demonstrate that he has been harmed by any failure on McDougald’s or
Lee’s part to serve him with a copy of Lee’s pro se motion.

          Accordingly, Onwuteaka’s motions for counter-sanctions
are denied.

Conclusion

          Lee’s pro se motion
for dismissal is granted, and this appeal is dismissed.  See Tex. R. App. P. 42.1(a)(1).  All other
pending motions are denied.  Costs of court are taxed against the party
incurring same.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring and dissenting)

Appeal dismissed

Opinion delivered and
filed February 7, 2007

[CV06]









[1]
          We express no opinion about
whether McDougald’s alleged role in the preparation of Lee’s pro se
motion violates the Disciplinary Rules of Professional Conduct or other rules
governing the conduct of lawyers.